**In re A.H. ROBINS COMPANY, INC., Debtor, Employer's Tax Identification No. 54–0486348.**

**In re O'CONNELL & ARONOWITZ, P.C.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

July 13, 1998.

Peter Danzigner, O'Connell & Aronowitz, P.C., Albany, NY, for Movant.

Orran Lee Brown, Richmond, VA, for Dalkon Shield Claimants Trust.

**2.** *See In re A.H. Robins Co. (Order Limiting Attorney Fees),* 182 B.R. at 135 ("[T]he reasonableness of fees charged against a claimant's underlying recovery from the Trust and the reasonableness of fees charged against a claimant's pro rata payment [are two distinct issues]. In reviewing the reasonableness of fees, there is a critical distinction between a claimant's underlying recovery on a Dalkon Shield claim and her subsequent receipt of a pro rata payment .").

## MEMORANDUM

SPENCER, District Judge.

This matter is before the Court on the motion of O'Connell & Aronowitz, P.C. ("O'Connell"), for Reinstatement of Attorneys Fees (Docket No. 22894). For the reasons which follow, the Court will DENY the motion.

### I.

On March 1, 1995, this Court entered an Order Disallowing Unreasonable Attorneys Fees On Pro Rata Distribution (the "March 1 Order"). Paragraph 2 of that Order prohibits counsel for Dalkon Shield personal injury claimants from "charging or receiving, directly or indirectly, any compensation or fees, based upon or out of any pro rata distribution received by a Dalkon Shield Personal Injury Claimant from the Trust ... in excess of ten percent of such pro rata distribution." This Court rejected all challenges to its jurisdiction to enter the March 1 Order. This ruling was unanimously affirmed by the Court of Appeals for the Fourth Circuit in *In re A.H. Robins Co. (Order Limiting Attorneys Fees)*, 182 B.R. 128 (E.D.Va.1995), *aff'd*, 86 F.3d 364 (4th Cir.1996).

The March 1 Order also prescribed a procedure to be followed by any attorneys or firms who objected to the disallowance and wished the Court to consider reinstating fees above the ten percent limit. The procedure included the requirement that such motions to reinstate fees be filed with the Court no later than April 17, 1995. The Order gave notice of the opportunity for argument and an evidentiary hearing before the Court. On May 1, 1995, Peter Danzigner, Esq., appeared before the Court on behalf of O'Connell and presented evidence in support of its Motion For Reinstatement Of Attorneys Fees. However, having stayed the proceedings on all of the individual motions to reinstate fees during the pendency of the appeal to the Fourth Circuit (Docket No. 23514), this Court never addressed the merits of O'Connell's Motion.

Following the unsuccessful appeal to the Fourth Circuit, this Court entered an Order, dated September 17, 1996, addressing the sixty-two motions to reinstate fees still pending before the Court. (Docket No. 29532). That Order directed certain movants to file their proposed findings of fact and conclusions of law in support of their motions to reinstate fees by November 1, 1996. O'Connell made a timely submission and the matter is now ripe for disposition.[1]

### II.

■ O'Connell is a firm from Albany, New York, that has represented approximately 50 Dalkon Shield claimants since 1981. Prior to A.H. Robins filing for Chapter 11 bankruptcy in 1985, trial preparation for 15 of those 50 claims had been substantially completed—the costs of which were borne by O'Connell rather than its clients per the contingency fee agreements. After A.H. Robins filed for bankruptcy, O'Connell continued to represent those 15 claimants and was retained by approximately 35 additional claimants. Given O'Connell's extensive pre- and post-petition involvement in this matter, the Court is more than satisfied that the firm has performed more work per client than an attorney who only represented claimants after the bankruptcy. In some instances, therefore, it is possible that O'Connell received the same compensation as a post-bankruptcy attorney, even though it assumed a greater risk and performed more work.

■ While the Court recognizes O'Connell's efforts on behalf of its clients, the Court nevertheless finds that based on the present record, its involvement in this case does not constitute the type of "extenuating circumstances" that this Court has held to be required in order for an attorney or firm to be entitled to a fee of more than ten percent. *See In re A.H. Robins Co. (Order Limiting Attorneys Fees)*, 182 B.R. at 138. In reaching this conclusion, the Court is guided by the Fourth Circuit's ruling that the pro rata payment is a "bonus" that is paid over and above the amount of an individual's full set-

---

1. The Dalkon Shield Claimants Trust takes no position with respect to O'Connell's present mo- tion.

tlement of a claim. *See Robins,* 86 F.3d at 369–70, 375. Moreover, this Court has determined that the availability of pro rata payments did not result from the legal efforts of counsel, but from the effective management of the Trust. *See In re A.H. Robins Co. (Order Limiting Attorney Fees),* 182 B.R. at 136. Accordingly, when considering pro rata fees, this Court's focus is not on an attorney's efforts on the underlying claim, but on the efforts required for the client to receive the pro rata payment.[2] In the instant case, the mere fact that O'Connell has, as compared to other Dalkon Shield attorneys, expended more resources in obtaining the maximum settlement for its clients, does not entitle it to charge a higher fee for the ministerial task of forwarding its clients their pro rata distributions.

### III.

The Court finds that O'Connell has failed to present the type of "extraordinary case" or "extenuating circumstances" that would justify relief from the Court's March 1, 1995 Order. *See id.* at 138, 140 n. 15. In the absence of such a showing, the ten percent fee is "not only reasonable, but overly generous." *Robins,* 86 F.3d at 377. O'Connell's motion will therefore be DENIED.

An appropriate Order shall issue.

### ORDER

This matter is before the Court on the motion of O'Connell & Aronowitz, P.C., for Reinstatement of Attorneys Fees. (Docket No. 22894). Upon due consideration, for the reasons stated in the Memorandum this day filed, and deeming it just and proper so to do, it is ADJUDGED and ORDERED that the motion be, and the same is, hereby DENIED.

Let the Clerk send a copy of this Order and the accompanying Memorandum to Peter Danziger, Esq., c/o O'Connell & Aronowitz, P.C., 100 State Street, Albany, New York 12207; and to counsel for the Dalkon Shield Claimants Trust, Orran Lee Brown, Post Office Box 1314, Richmond, Virginia 23218–1314.

---

2. *See In re A.H. Robins Co. (Order Limiting Attorney Fees),* 182 B.R. at 135 ("[T]he reasonableness of fees charged against a claimant's underlying recovery from the Trust and the reasonableness of fees charged against a claimant's pro rata payment [are two distinct issues]. In reviewing the reasonableness of fees, there is a critical distinction between a claimant's underlying recovery on a Dalkon Shield claim and her subsequent receipt of a pro rata payment .").